UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-61597-BLOOM/Hunt

AMGUARD INSURANCE COMPANY,

    Plaintiff,

v.

WELAND BOURNE and
SPECTATULAR SMITH

    Defendants.
_____/

## ORDER ON MOTIONS TO DISMISS AND STAY DISCOVERY

**THIS CAUSE** is before the Court upon Defendant Weland Bourne's ("Bourne") Motion to Dismiss Second Amended Complaint for Declaratory Judgment ("Bourne Motion to Dismiss"), filed on November 27, 2024, ECF No. [44], and Defendant Spectacular Smith's ("Smith") Motion to Dismiss Second Amended Complaint ("Smith Motion to Dismiss"), ECF No. [47]. The Smith Motion to Dismiss was adopted by Bourne. ECF No. [50]. Plaintiff Amguard Insurance Company ("Amguard") filed a Response in Opposition to the Bourne Motion to Dismiss. ECF No. [46]. Bourne did not file a Reply. Amguard filed a Response in Opposition to the Smith Motion to Dismiss. ECF No. [52]. Smith filed a Notice of Supplemental Authority, ECF No. [55], and a Reply in Support of the Smith Motion to Dismiss. ECF No. [62]. Amguard filed a Notice of Supplemental Authority. ECF No. [59].

On February 5, 2025, Smith filed a Renewed Motion to Stay Discovery Pending Ruling on Motion to Dismiss ("Motion to Stay Discovery"), ECF No. [66], to which Amguard filed a Response, ECF No. [68]. Smith thereafter filed a Reply in Support, ECF No. [70], and filed a second Notice of Supplemental Authority, ECF No. [71], to which Amguard filed a Response.

ECF No. [72]. The Court has reviewed the Motion, the record in the case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motions to Dismiss are granted in part and denied in part. The Motion to Stay Discovery is denied as moot.

I.  **BACKGROUND**

The following facts are alleged by Amguard in the Second Amended Complaint ("Complaint"). ECF No. [42]. Amguard brought a declaratory judgment action under the Federal Declaratory Judgment Act "for the purpose of determining an actual controversy between the parties with respect to a homeowners policy issued by Amguard to Defendant Spectacular Smith." *Id.* ¶ 1. Amguard seeks declaratory judgment on two counts: (1) Declaratory Judgment against Bourne (Count I) and (2) Declaratory Judgment against Smith (Count II). ECF No. *Id.* at 12, 15. Both Counts seek a declaration that Amguard has no duty to defend or indemnify Smith in the ongoing litigation between Bourne and Smith in county court. *Id.* ¶¶ 49-55; 61-67.

On November 29, 2020, an altercation occurred between Bourne and Smith and, as a result, Smith was criminally charged with battery. *Id.* ¶¶ 14-15. On January 31, 2023, Bourne and Teighlor Johnson ("Johnson") sued Smith in Broward County for battery and negligence ("Underlying Litigation"). *Id.* ¶¶ 17-18. The Underlying Litigation is currently pending. *Id.* ¶ 18. Amguard filed the present action for declaratory judgment on August 28, 2024. ECF No. [1].

"Amguard was first made aware of the facts of this loss by . . . Bourne's counsel on or about December 11, 2023, over three . . . years after the event occurred." *Id.* ¶ 27. Amguard is defending Smith in the Underlying Litigation under a reservation of rights and seeks a determination that it has no duty to defend or indemnify Smith in the Underlying Litigation. *Id.* ¶¶ 28, 30. On September 13, 2024, Bourne dropped the battery claim in the Underlying Litigation without prejudice. *Id.* ¶ 20. On October 28, 2024, Bourne amended his complaint in the Underlying Litigation, removing the allegation that Smith had "punched" Bourne in his right jaw and right

2

temple. *Id.* ¶¶ 21-24. In his amended complaint in the Underlying Litigation, Bourne brought negligence claim, stating Smith "negligently los[t] his balance while trying to dodge around . . . Bourne and while trying to reach out for something to grab, accidentally and negligently 'contacted' . . . Bourne." *Id.* ¶¶ 23, 32.[1] Bourne's amended complaint in the Underlying Litigation "no longer alleges a battery and/or that . . . Smith punched [Bourne] in the face. *Id.* ¶ 24.

Amguard includes a series of excerpts from its insurance policy to demonstrate that "certain exclusions may preclude coverage[.]" *Id.* ¶ 44. Specifically, "Amguard's policy of insurance has exclusions for bodily injury which is expected or intended by an insured, caused by or at the direction of an insured with knowledge the act would violate the rights of another and would inflect [sic] personal injury, and/or when arising out of a criminal act committed by the insured." *Id.* ¶ 25. Additionally, Amguard states "Smith's failure to provide written notice to Amguard as soon as practical" and "Smith's failure to forward every notice, demand, summon or other process relating to the occurrence" precludes him from receiving coverage. *Id.* ¶¶ 53-54.

Defendants[2] move to dismiss the Complaint on two grounds: (1) Insofar as Amguard is seeking a declaratory judgment that it has no duty to defend, application of the "Eight Corners" Rule makes clear that Amguard has failed to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6); and (2) Amguard's claim for a declaratory judgment that it has no duty to indemnify is not ripe and, therefore, should be dismissed for lack of subject matter jurisdiction

---

[1] Amguard cites "Ex. E ¶ 20" but does not attach an Exhibit E to its Second Amended Complaint.
[2] Because the Smith Motion to Dismiss was adopted in full by Bourne, all arguments made by Smith will also be attributed to Bourne. ECF No. [50]. For clarity, any arguments made in the Smith Motion to Dismiss and Reply will be attributed to "Defendants." Smith did not adopt the Bourne Motion to Dismiss. Therefore, any arguments solely made in the Bourne Motion to Dismiss are attributed only to Bourne.

under Federal Rule of Civil Procedure 12(b)(1). ECF No. [47]. Bourne also argues the Complaint has been rendered moot and therefore must be dismissed. ECF No. [44].

## II. LEGAL STANDARD

### A. Motion to Dismiss

"To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Wilshire Ins. Co. v. Crestview Towers Condo. Ass'n, Inc.*, No. 21-cv-23214, 2023 WL 5352777, at *2 (S.D. Fla. June 27, 2023), *report and recommendation adopted*, No. 21-cv-23214, 2023 WL 5350838 (S.D. Fla. Aug. 18, 2023) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). "A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case." *Md. Cas. Co. v. Smartcop, Inc.*, No. 11-cv-10100, 2012 WL 2675476, at *1 (S.D. Fla. July 6, 2012) (citing *Milburn v. United States*, 734 F.2d 762, 765 (11th Cir. 1984). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Iqbal*, 556 U.S. at 678 (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)).

"When considering a Rule 12(b)(6) motion to dismiss, courts are limited to considering the complaint and attachments thereto, as well as 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Crestview*, 2023 WL 5352777, at *3 (quoting *Admiral's Port Condo. Ass'n v. Endurance Am. Specialty Ins. Co*., No. 22-cv-23408, 2023 WL 2760076, at *3 (S.D. Fla. Mar. 16, 2023)). The Court "must accept the plaintiff's

4

allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff." *Am. Marine Tech, Inc. v. World Grp. Yachting, Inc.*, 418 F. Supp. 3d 1075, 1079 (S.D. Fla. 2019) (citations omitted).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the Court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "A Rule 12(b)(1) motion challenges the district court's subject matter jurisdiction and takes one of two forms: a 'facial attack' or a 'factual attack.'" *Bellitto v. Snipes*, 221 F. Supp. 3d 1354, 1358 (S.D. Fla. Oct. 26, 2016). "A 'facial attack' on the complaint 'require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). "Factual attacks, on the other hand, challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings[.]'" *Griffin v. IRS*, 730 F. Supp. 3d 1312, 1316 (S.D. Fla. Apr. 22, 2024) (quoting *Lawrence*, 919 F.2d at 1529).

Rule 12(b)(1) also provides the proper framework for evaluating a motion to dismiss on mootness grounds. *Davis v. Tony*, No. 20-cv-60677, 2022 WL 1224261, at *4 (S.D. Fla. Apr. 26, 2022) (citing *Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1182 (11th Cir. 2007)). "The doctrine of mootness derives directly from the case-or-controversy limitation because 'an action that is moot cannot be characterized as an active case or controversy.'" *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th Cir. 2001) (quoting *Adler v. Duval Cnty. Sch. Bd.*, 112 F.3d 1475, 1477

(11th Cir. 1997)). "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1216-17 (11th Cir. 2000) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

### B. Declaratory Judgment Act

The Declaratory Judgment Act, 28 U.S.C. § 2201, provides that a court "may declare the rights and other legal relations of any interested party." 28 U.S.C. § 2201(a). "In all cases arising under the Declaratory Judgment Act, . . . the threshold question is whether a justiciable controversy exists." *Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co.*, 68 F.3d 409, 414 (11th Cir. 1995) (citations omitted). "Whether such a controversy exists is determined on a case-by-case basis." *Id.* (quoting *U.S. Fire Ins. Co. v. Caulkins Indiantown Citrus Co.*, 931 F.2d 744, 747 (11th Cir. 1991)). In order to make this determination, the Court "look[s] to the state of affairs as of the filing of the complaint[.]" *Id.* (quoting *Int'l Harvester v. Deere & Co.*, 623 F.2d 1207, 1210 (7th Cir. 1980)). The party invoking the federal court's authority must demonstrate "at an 'irreducible minimum,' that at the time the complaint was filed, he has suffered some actual or threatened injury resulting from the defendant's conduct, that the injury fairly can be traced to the challenged action, and that the injury is likely to be redressed by favorable court disposition." *Id.* (quoting *Caulkins*, 931 F.2d at 747).

"The test for the sufficiency of a complaint for declaratory judgment is not whether the plaintiff will succeed in obtaining the decree he seeks favoring his position, but whether he is entitled to a declaration of rights at all." *Schwab v. Hites,* 896 F. Supp. 2d 1124, 1132 (M.D. Fla. 2012) (internal citations and quotations omitted); *see also Norring v. Priv. Escapes, LLC*, No. 609-cv-2081, 2010 WL 963293, at *7 (M.D. Fla. Mar. 12, 2010) ("A motion to dismiss a complaint for declaratory judgment is not a motion on the merits."). "Thus, determining whether Defendants

6

are entitled to dismissal of the Complaint concerns whether Plaintiff may pursue declaratory relief as to the coverage determinations sought." *Chisholm Props. S. Beach, Inc. v. Arch Specialty Ins. Co.,* No. 21-cv-22960, 2022 WL 356452 (S.D. Fla. Feb. 7, 2022). "[A] federal court has wide latitude and discretionary power[3] in determining whether or not to declare the rights of the

---

[3] In *Ameritas Variable Life Ins. Co. v. Roach*, the Eleventh Circuit established nine "factors for consideration to aid district courts in balancing state and federal interests" when deciding "whether to abstain from exercising jurisdiction over state-law claims in the face of parallel litigation in the state courts[.]" 411 F.3d 1328, 1331 (11th Cir. 2005) (quoting *Centennial Life Ins. v. Poston*, 88 F.3d 255, 257 (4th Cir. 1996)). These factors include:

> (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;
> (2) whether the judgment in the federal declaratory action would settle the controversy;
> (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;
> (4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"—that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable;
> (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;
> (6) whether there is an alternative remedy that is better or more effective;
> (7) whether the underlying factual issues are important to an informed resolution of the case;
> (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
> (9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

As a preliminary matter, there is no evidence to suggest Amguard's duty to defend and indemnify based on the relevant policy exclusions to Smith's coverage will be addressed in the Underlying Litigation nor has either party made such an argument. As Amguard notes, this case "deals with different facts" from the Underlying Litigation. ECF No. [52] at 8. The Underlying Litigation involves a single count of negligence whereas Amguard alleges Smith committed an intentional tort; "[t]hese are two separate claims with two separate fact patterns and therefore different evidence will be introduced." *Id*. The purpose of the *Ameritas* "guideposts" is to "account for the federalism and comity concerns generated by competing cases, as well as the comparative utility of the declaratory judgment action." *James River Ins. Co. v. Rich Bon Corp.*, 34 F.4th 1054, 1060 (11th Cir. 2022). Therefore, to the extent that declaratory relief would not "create friction between

litigants." *Killian Palms Country Club & Sports Complex, Ltd. Liab. Corp. v. Scottsdale Ins. Co.*, No. 11-cv-21978, 2011 WL 13223719, at *2 (S.D. Fla. Aug. 16, 2011) (citing *Wilton v. Seven Falls Co.*, 515 U.S. 227, 286 (1995)).

## III. DISCUSSION

### A. Duty To Defend

Defendants argue that Amguard fails to state a claim on its duty to defend based on the Eight Corners Rule, a rule of interpretation adopted by Florida courts which "provides that an insurer's duty to defend its insured against a legal action 'arises when the complaint alleges facts that fairly and potentially bring the suit within policy coverage.'" *Addison Ins. Co. v. 4000 Island Boulevard Condo. Ass'n, Inc.*, 721 F. App'x 847, 854 (11th Cir. 2017) (quoting *Jones v. Fla. Ins. Guar. Ass'n, Inc.*, 908 So. 2d 435, 442-43 (Fla. 2005). "The duty to defend is 'determined solely by the allegations of the complaint against the insured not by the actual facts, nor the insured's version of the facts or the insured's defenses.'" ECF No. [47] at 4 (quoting *Sunshine Birds & Supplies, Inc. v. U.S. Fid. & Guar. Co.*, 696 So. 2d 907, 909-10 (Fla. 3d DCA 1997)). Furthermore, "[w]here a complaint 'alleges facts partially within and partially outside the coverage of the policy, the insurer is obligated to defend the entire suit.'" *Id.* at 5 (quoting *Nat'l Fire & Marine Ins. Co. v. Palm Springs Gen. Hosp., Inc.*, No. 16-cv-61852, 2016 WL 10587943, at *3 (S.D. Fla. Oct. 28, 2016)). Amguard responds that "there are exceptions to the [Eight Corners] [R]ule where an insurance carrier can determine whether there is a duty to defend based on factual issues not alleged

---

the federal and state courts" because the cases do not implicate the same legal questions, the factors weigh in favor of the Court exercising its discretion to retain jurisdiction. *Id.* at 1061. Moreover, the adjudication of the duty to defend issue would serve a useful purpose in clarifying the legal relations in the Underlying Litigation. ECF No. [52] at 9 ("Amguard would be prejudiced if forced to continue providing a defense if not permitted to proceed forward [past Defendants' Motions to Dismiss.]").

in the Complaint." ECF No. [52] at 6 (citing, *inter alia*, *Composite Structures, Inc. v. Cont'l Ins. Co.*, 560 F. App'x 861 (11th Cir. 2014)).

Defendants' argument that application of the Eight Corners Rule will lead to the conclusion that Amguard has a duty to defend speaks to the merits of Amguard's declaratory judgment action, an issue which is not properly addressed at the motion to dismiss stage. *Chisholm*, 2022 WL 356452, at *4 ("[D]etermining whether Defendant is entitled to dismissal of the Complaint concerns whether Plaintiff may pursue declaratory relief as to the coverage determinations sought."); *Evanston Ins. Co. v. Gaddis Corp.*, 145 F. Supp. 3d 1140, 1145 (S.D. Fla. 2015) ("Generally, courts disfavor resolving issues involving contract interpretation at the motion to dismiss stage."). "[T]he test for the sufficiency of a complaint for declaratory judgment is not whether the plaintiff will succeed in obtaining the decree he seeks favoring his position, but whether he is entitled to a declaration of rights at all." *Int'l Health Brands, LLC v. Foy,* No. 24-cv-80679, 2024 WL 4438199 (S.D. Fla. Oct. 8, 2024) (quoting *Chisholm*, 2022 WL 356452, at *4).

Defendants cite *Nat'l Fire & Marine Ins. Co. v. Palm Springs Gen. Hosp., Inc*. for support that "[i]f an insurer has a duty to defend any allegation brought against the insured, the insurer's declaration that it has no duty to defend in the Underlying Action fails to state a claim." ECF No. [47] at 5. The insurer in *Palm Springs* sought a declaration that it had "no duty to defend or indemnify its insured . . . as to *certain claims* in the Underlying Action regarding any malicious act or intentional tort[,]" but conceded that it had a duty to defend "against the negligence/wrongful death allegations and theories in the Underlying Action[.]" *Palm Springs*, 2016 WL 10587943, at *2. Because the insurer "concede[d] that it ha[d] a duty to defend [the insured] against the negligence/wrongful death allegations and theories in the Underlying Action," the insurer had "a

9

present duty to defend *all* of the claims in the Underlying Action." *Id.* at *3 (emphasis added). As the court noted, "[w]here a complaint 'alleges facts partially within and partially outside the coverage of the policy, the insurer is obligated to defend the entire suit." *Id.* (quoting *Diamond State Ins. Co. v. Boys' Home Ass'n, Inc.*, 172 F. Supp. 3d 1326 (M.D. Fla. 2016)). Amguard, by contrast, has made no such concession.

Defendants attempt to transform their merits challenge to Amguard's duty to defend claim into a jurisdictional challenge. Bourne argues that "the entire action is moot, which is clear on the face of the Second Amended Complaint" because the "the counts in the Second Amended Complaint are based on an 'exclusion' clause, in which coverage is not included for 'intentional' acts of the insured." ECF No. [44] at 7 (quoting ECF No. [1] ¶¶ 29, 36, 43)[4]. Bourne argues that Amguard only provides factual allegations in the Complaint to support Amguard's claim that it has no duty to defend under the expected or intended injury exclusion provision. *Id.* ("While [Amguard] cites several other provisions in the general allegations of the Second Amended Complaint, there are no factual allegations in the Second Amended Complaint that support any other potential [exclusion under a different] provision."). Since "[o]nly a negligence claim survives in the State Court action[,]" and "[t]he crux of negligence is that it is accidental by nature . . . no set of facts can be alleged which would support a claim[.]" *Id.* at 8. Bourne's reliance on an earlier version of the Complaint presents a fatal infirmity in his argument. As Amguard notes, the Second Amended Complaint lists three separate exclusions under which, Amguard argues, it has no duty to defend in the Underlying Litigation. ECF No. [46] at 2. The Complaint also explicitly alleges

---

[4] Bourne quotes Plaintiff's original complaint, ECF No. [1], however, the operative complaint is Second Amended Complaint. ECF No. [42]. Regardless, the language Bourne quotes in the original complaint also appears in similar form in the Second Amended Complaint. *See* ECF No. [42] ¶¶ 50, 62.

that it has "no duty to defend . . . Smith" because "Smith punched . . . Bourne in the face[,]" thereby triggering "the exclusions [that] preclude coverage[.]" ECF No. [42] ¶ 49.

Defendants also claim Amguard cannot establish the threshold requirement for this Court to have subject matter jurisdiction—that there is an actual case or controversy—because Amguard has allegedly "admitted to its duty to defend and it has a clear duty to defend under the eight-corners rule." ECF No. [62] at 1. Defendants repeatedly claim Amguard has "concede[d] that it has a duty to defend Smith against the negligence allegation" in the Underlying Litigation, but fail to point to a specific portion of the pleadings in which Amguard makes such a concession. ECF No. [47] at 6; *see also* ECF No. [71] at 1. It is unclear how Defendants draw this conclusion given that Amguard explicitly states it is seeking a declaratory judgment "because the policy of insurance does not provide coverage to . . . Smith or . . . Bourne for the injuries and damages sustained by . . . Bourne as a result of being punched by . . . Smith." ECF No. [42] ¶ 42. Even if Amguard had conceded that it would have a duty to defend if the Underlying Litigation was, in fact, based on an act of negligence, Amguard is seeking a declaratory judgment on the basis that the Underlying Litigation is centered on an intentional act. ECF No. [42] ¶ 23 ("Bourne has amended his Complaint to allege a cause of action against . . . Smith for negligence despite the cause of action stemming from an intentional act and/or battery.") As such, there is a live case or controversy and Amguard has stated a claim for relief.

**B. Duty to Indemnify**

Defendants argue that "[a] present determination of [Amguard's] duty to indemnify is premature [because] the Underlying Litigation is ongoing, and there has yet to be any findings of fact or entry of a judgment." ECF No. [47] at 10. Defendants are correct that courts in this district have routinely held that "[i]t is axiomatic that 'an insurer's duty to indemnify is not ripe for adjudication in a declaratory judgment action until the insured is in fact held liable in the

11

underlying suit.'" *4000 Island Boulevard Condo. Ass'n, Inc.*, 263 F. Supp. 3d at 1270 (quoting *Evanston Ins. Co. v. Gaddis Corp.*, 145 F. Supp. 3d 1140, 1153 (S.D. Fla. 2015)). Amguard responds by citing cases such as *Century Sur. Co. v. Kid's Club Preschool, Inc.* and *Penn-America Ins. Co. v. Deslin Hotels, Inc.*, in which the district courts allowed duty to indemnify claims to survive motions to dismiss, despite the existence of ongoing underlying litigation. *See* ECF No. [46] at 5 (citing *Century Sur. Co. v. Kid's Club Preschool, Inc.*, No. 10-cv-539, U.S. Dist. LEXIS 159528 (N.D. Fla. Dec. 9, 2011); ECF No. [59] (citing *Penn-America Ins. Co. v. Deslin Hotels*, No. 11-cv-1990, 2012 WL 5199626 (M.D. Fla. Oct. 22, 2012)).

In both cases, the district court, at the motion to dismiss stage, relied upon *Higgins v. State Farm Fire & Cas. Co.* for the proposition that "going forward with a declaratory-judgment case, even on the issue of the duty to indemnify, may be proper." *Century Sur. Co. v. Kid's Club Preschool, Inc.*, No. 10-cv-539, 2011 WL 382233, at *2 (S.D. Fla. Feb. 3, 2011) (citing *Higgins v. State Farm Fire & Cas. Co.*, 894 So. 2d 5 (Fla. 2004)); *Deslin Hotels*, 2012 WL 5199626, at *2-3 (same). Crucially, however, *Higgins* restricted its interpretation to whether "*Florida's* declaratory judgments statute . . . authorizes declaratory judgments as to insurance policy obligations to defend and coverage for indemnity when it is necessary to decide issues of fact in order to determine the declaratory judgment." 894 So. 2d at 9 (emphasis added).

In a federal declaratory judgment action, by contrast, the Eleventh Circuit has explicitly stated that it agrees with the "many district courts in this circuit [that] have ruled that an insurer's duty to indemnify is not ripe until the underlying lawsuit is resolved or the insured's liability is established." *Mid-Continent Cas. Co. v. Delacruz Drywall Plastering & Stucco, Inc.*, 766 F. App'x 768, 770 (11th Cir. 2019) (citing, *inter alia*, *Nationwide Mut. Fire Ins. Co. v. Dillard House, Inc.*, 651 F.Supp.2d 1367, 1372-73 (N.D. Ga. 2009); *Northland Cas. Co. v. HBE Corp.*, 160 F. Supp.

12

2d 1348, 1360 (M.D. Fla. 2001); *Guar. Nat. Ins. Co. v. Beeline Stores, Inc.*, 945 F. Supp. 1510 (M.D. Ala. 1996)). It is undisputed that the Underlying Litigation is presently ongoing. ECF No. [42] ¶ 42; ECF No. [47] at 10. Amguard's duty to indemnify is dependent upon a finding that Smith is liable in the Underlying Litigation and "it is not the function of a United States District Court to sit in judgment on these nice and intriguing questions which today may readily be imagined, but may never in fact come to pass." *Am. Fid. & Cas. Co. v. Penn. Threshermen & Farmers' Mut. Cas. Ins. Co.*, 280 F.2d 453, 461 (5th Cir. 1960).[5] Because there has not yet been a judgment in the Underlying Litigation, Amguard's duty to indemnify claim is not yet ripe. Therefore, the claim is dismissed without prejudice for lack of subject matter jurisdiction. *See Delacruz Drywall*, 766 F. App'x at 769 (affirming district court's dismissal without prejudice because duty to indemnify claim was not ripe for adjudication until underlying litigation was resolved).

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motions to Dismiss, **ECF Nos. [42], [47]** are **GRANTED IN PART AND DENIED IN PART.** The Complaint is dismissed without prejudice with respect to Amguard's claim for declaratory judgment on its duty to indemnify. The claim for declaratory judgment on its duty to defend may proceed.

2. Smith's Renewed Motion to Stay Discovery Pending Ruling on Motion to Dismiss, **ECF No. [66],** is **DENIED AS MOOT**.

3. The Defendants shall file their Answers to the Second Amended Complaint **no later**

---

[5] Decisions of the former Fifth Circuit Court of Appeals, handed down on or before September 30, 1981, have been adopted as binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981).

**than March 14, 2025.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 28, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: Counsel of Record